United States District Court
Southern District of Texas
**ENTERED**
December 04, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| HUMBERTO JOSE CAMACHO,<br>"Plaintiff," | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00166 |
| | § | |
| ANTONY BLINKEN, *U.S. Secretary of State*,<br>"Defendant." | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff sued Defendant under 8 U.S.C. § 1503(a), seeking a declaration granting him United States citizenship. On October 7. 2024, this Court held a bench trial. Upon due consideration of the entire record, including the evidence, witness testimony, and the parties' arguments, the Court makes these findings of facts and conclusions of law under Federal Rule of Civil Procedure 52(a):

### I. FINDINGS OF FACT[1]

Plaintiff's mother, Claudia Beatriz Soberon ("Mother"), and Plaintiff's father, Humberto Guillermo Camacho ("Father") (together, "Parents"), are Mexican citizens. *See* Transcript *Humberto Jose Camacho v. Antony Blinken* (No. 1:22-cv-00166) (Oct. 7, 2024);[2] Plaintiff's Exhibit ("Pl. Ex.") 17. In August 1994, Parents lived in Monterrey, Nuevo Leon, Mexico ("Monterrey") and often crossed the border into the United States to visit family and acquire merchandise for Father's retail business.

On August 8, 1994, Parents traveled on business to Rancho Viejo, Texas. Mother then experienced labor pains, and Father took her to see a midwife, Olivia Garcia. *See* Pl. Ex. 1. Plaintiff was born in San Benito, Texas, August 8, 1994, and Olivia Garcia signed Plaintiff's Texas birth certificate. *Id.* Plaintiff's Texas birth certificate is a valid official record and correctly states he was

[1] If any findings of fact constitute conclusions of law (and vice versa), they are adopted as such. *See Tri-Ton Int'l v. Velto*, 525 F.2d 432, 435 (9th Cir. 1975) (noting "a finding or conclusion" is evaluated "in its true light, regardless of the label" placed on it by a district court); *see also Smith v. United States*, 727 F. Supp. 2d 533, 535 n. 1 (E.D. Tex. 2010); 9C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2579 (2021 3d ed.).
[2] Defendant only requested an official transcript for the testimony of one witness. Unless otherwise stated, all facts derive from the unofficial transcript and evidence admitted at trial.

born August 8, 1994, in San Benito, Texas. *Id.* The Texas birth certificate was registered August 16, 1994. *Id.*

After Plaintiff's birth, Father obtained a false Mexican birth certificate for Plaintiff showing he was born July 8, 1994, in Monterrey. Pl. Ex. 2. The Mexican birth certificate was registered November 11, 1994, **87 days after** registration of the Texas birth certificate. *Id.*; Pl. Ex. 1. Parents testified they obtained a false certificate to allow Plaintiff to attend school in Mexico as a citizen, avoiding the extra costs incurred for foreign students. To obtain this document, Father acquired a false certificate of live birth ("CENAVI") from an individual named Jorge, showing Plaintiff was born in Monterrey. Pl. Ex. 3. The CENAVI was certified by Dr. Fidel Morales ("Dr. Morales"). *Id.* Dr. Morales testified that he did not attend Plaintiff's birth and that it was standard practice then to sign his name to a CENAVI before information on the form was filled in.

In 2006 and 2011, Plaintiff was issued a U.S. passport, but the latter passport was revoked November 30, 2018. *See* Pl. Ex. 7, 14.

## II. CONCLUSIONS OF LAW

Title 8 § 1503(a) of the United States Code applies in this cause of action, as the trial was a de novo determination of Plaintiff's citizenship. *Vance v. Terrazas*, 444 U.S. 252, 256 (1980). Section 1503(a) allows any person within the United States who has been denied a right or privilege as a national of the United States based on non-nationality to file a declaratory judgment action for a determination of United States citizenship. 8 U.S.C. § 1503(a).

The Fourteenth Amendment to the Const. of the United States provides that those born in the United States are citizens by birth—regardless of their parents' citizenship or where they spend their childhood. *See Perkins v. Elg,* 307 U.S. 325 (1939). A birth record filed at birth is "almost conclusive evidence of birth." *Sanchez v. Kerry*, No. 4:11-CV-02084, 2014 WL 2932275, at *4 (S.D. Tex. June 27, 2014), *aff'd*, 648 F. App'x 386 (5th Cir. 2015); *Flores v. Blinken*, No. 1:21-CV-159, 2023 WL 2645536, at *4 (S.D. Tex. Mar. 27, 2023).

Plaintiff has the burden to prove by a preponderance of the evidence that he is a United States citizen. *De Vargas v. Brownell*, 251 F.2d 869, 870-71 (5th Cir. 1958). To establish a fact by a preponderance of the evidence, Plaintiff must show that the existence of that fact is more likely than not. *Herman & MacLean v. Huddleston*, 459 U.S. 375, 390 (1983). As the finder of fact in a bench trial, the court is charged with "[c]redibility determinations, the weighing of evidence and inferences drawn from the facts." *Ritzer v. T.L. James Const., Inc.*, 149 F.3d 1173 (5th Cir. 1998).

Plaintiff has shown it is more likely than not that he was born in the United States. The Texas birth certificate was legally registered 87 days before the false Mexican birth certificate. Pl.'s Ex. 1. There is no evidence Midwife fraudulently registered Plaintiff's Texas birth certificate. The Court also finds credible the testimony of Plaintiff's four live witnesses: Mother, Father, Dr. Morales, and Ada Patricia Camacho (Plaintiff's Paternal Aunt). Their testimony is consistent and corroborates Plaintiff's birth in Texas.[3] Alternatively, there is credible testimony and evidence that Father fraudulently registered Plaintiff's Mexican birth certificate. The Court finds Plaintiff's Texas birth certificate showing his birthplace as San Benito, Texas, to be credible.

The Court thus finds Plaintiff met his burden of proof that he was born in the United States. Plaintiff is therefore a United States citizen. A final judgment will be set forth in a separate document.

Signed on this 4th day of December, 2024.

Rolando Olvera
United States District Judge

---

[3] The statements about Plaintiff's place of birth fall within the following hearsay exceptions: "Then-Existing Mental, Emotional, or Physical Condition," FED R. EVID. 803(3); "Reputation Concerning Personal or Family History," FED R. EVID. 803(19); and "Reputation Concerning Character," FED R. EVID. 803(21).